UNITED STATES BANKRUPTCY COURT     EXHIBIT 18-12376

EASTERN DISTRICT OF VIRGINIA     CHAPTER 13

IN RE: ALICE THOMAS

## 1.
## INTRODUCTION

Prior to filing this Adversary Proceeding complaint, Plaintiff and Plaintiff's attorney, Mr. Edward Gonzalez (case, #18-12376), had repeatedly asked defendants not to proceed with the foreclosure sale of Plaintiff's property at 6516 River Tweed lane, Alexandria, Va.

## 2.

Despite receiving electronic BNC notice of the automatic stay, the judge's order on August 8, 2018 extending the stay as to all creditors for the duration of the bankruptcy, repeated warnings from Plaintiff and Plaintiff's attorney, defendants proceeded with the foreclosure auction sale of Plaintiff's property on August 27, 2018 at 1.00pm.

## 3.

Defendant's willful violation of the automatic stay has caused Plaintiff significant stress, anxiety, mental anguish, sleepless nights, situational depression, and fear resulting from exposure to the alleged buyer/bidder (with three men) who was found the same day the foreclosure sale took place, breaking down the door of Plaintiff's home, in order to change the locks.

## 4.
## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11. Plaintiff filed Chapter 13 bankruptcy in case number 18-12376 in the Eastern District of Virginia on July 8, 2018.

## 5.

Venue is proper because defendants proceeded with a foreclosure sale of Plaintiff's property, while she was under the protection of the Eastern District of Virginia Bankruptcy Court's automatic stay.

FILED 2018 SEP -6 P 1:46 US BANKRUPTCY COURT ALEXANDRIA DIVISION CLERK



**6.**
# NATURE OF CLAIM

When a debtor files a bankruptcy case the automatic stay arises immediately. 11 U.S.C. §362(a); Rexnord Holdings v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994). The U.S. Court of Appeals for the Second Circuit has made the following comments concerning the fundamental importance of the automatic stay in a bankruptcy case:

The overriding purpose of section 362 is drawn directly from the section's legislative history:

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b) (2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir.2000); *In re Goodman*, 991 F.2d 613, 617 (9th Cir. 1993).

**7.**
# FACTUAL ALLEGATIONS

On July 8, 2018 the Plaintiff filed a Chapter 13 case **#18-12376,** represented by her attorney Mr. Edward Gonzalez. This triggered the automatic stay. Plaintiff was scheduled for foreclosure by Wells Fargo on July 9, 2018; Upon filing the foreclosure sale was cancelled. This was the second filing within a 12 month period. The previous filing **#17-14198** was done pro se and dismissed.

In the previous filing **#17-14198,** the court granted Defendant's lift stay motion. However, Plaintiff was not present, as the case was dismissed.

In a hearing on August 2, 2018 Judge Klinette Kindred ordered the automatic stay be extended as to all creditors for the duration of the bankruptcy case **#18-12376,** for just cause. The new bankruptcy reform act done after 2005, allowed a debtor in a subsequent case to file and



have the benefit of the stay based upon changed circumstances or for other good cause shown as was demonstrated in the hearing with Judge Kindred on August 2, 2018, to which defendants did not object. Mr. Gonzalez and debtor showed that this filing was in good faith, changed circumstances and good cause shown 11 U.S.C. § 362(c)(3)(A)(B) ,362(c)(4), 11 U.S.C. § 362(b)(20). There has been no finding in the record that the Plaintiff's filing was "part of a scheme to delay, hinder, or defraud creditors.", and the order in the prior case **#17-14198** (Dkt #24) does not state that relief from stay extends to subsequent cases. In addition, during this case the Plaintiff has complied with all that has been required of her by the court and her attorney. Furthermore of note, in order for a stay to be extended, one must already exist.

On August 4, 2018 plaintiff received a notice of trustee foreclosure sale of Plaintiffs property, scheduled for August 27, 2018 at 1.00pm (Attachment 1). Plaintiff immediately called Wells Fargo bank on August 6, 2018 notifying them that the property was under the protection of the bankruptcy court.  Plaintiff was told that they would update the system to reflect that, and it takes two days.  On August 8, 2018 Plaintiff called Wells Fargo to tell them the sale had not been cancelled.  Plaintiff was told it takes two to five days for the system to update. On August 10, 2018 Plaintiff called Wells Fargo again to say that the sale had still not been cancelled. Plaintiff was told to hold on the line by the agent. The agent then returned to the phone and told plaintiff that Sierra in their attorney's office told her to inform Plaintiff that they were reviewing the rem relief order in the previous case, # 17-14198 and Judge Kindred' order to extend the stay in this case **#18-12376**.

On August 17, 2018 Plaintiffs attorney, Mr. Gonzalez sent Samuel White trustee for Wells Fargo a letter warning them that they were in violation of the stay( Attachment 2).

On August 24, 2018 Plaintiff called Samuel White inquiring why the sale had not been cancelled per receipt of Mr. Gonzalez letter and Judge Kindred's order.  Plaintiff was given the run around all day, and asked to fax and email a copy of Mr. Gonzalez letter and a release of



authorization to speak to them.  Plaintiff spoke to Melissa, Samantha and Angelique in the loss mitigation department for Samuel White, and was told to call back because they were waiting for the faxes to come through.  At 4.10pm that day Angelique told Plaintiff to send the documents via email, she would review them, and to call back in about ten minutes.  Plaintiff called back and the receptionist could not reach her nor any of the others in the loss mitigation department, and asked that I call back on Monday.  Plaintiff called back on Monday August 27, 2018 around 9.00am, and was told that they had reviewed Mr. Gonzalez letter, but the sale will go forward because the stay is not in effect. Melissa added that there were underlying orders that override Judge Kindred' order to extend the stay.  When Plaintiff asked what those underlying orders were, Melissa would not say.

Plaintiff' house was subsequently auctioned off at 1.00pm on August 27, 2018.  Upon returning home from work between 7 and 8pm on the day of the auction, Plaintiff found four men breaking down the front door of Plaintiffs house in attempt to change the locks.  They parked their vehicles in the driveway preventing Plaintiff from entering.  When asked what they were doing, one of them by the name of Tony Rivera stated that he had won the bid at the auction, and Samuel White trustee told him that nobody lives in the property. Under threat of Plaintiff calling the police they stopped.  Plaintiff had to put new locks on her door, as she was temporarily denied access to her home.

Tony Rivera retuned again three days later to give Plaintiff a thirty day notice to vacate the property (Attachment 3). The trauma faced by Plaintiff is indescribable.  Filing Chapter 13 is supposed to give one a certain level of peace, this has been anything but.

The bankruptcy notice provided to defendant warned that violating the automatic stay could subject it to penalties. Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy.



## 8.
## CAUSE OF ACTION
## (11 U.S.C. § 362(k)

Defendant's violation of 11 U.S.C. § 362(a) (6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law is not a defense.

Under 11 U.S.C. § 362(k), Plaintiff is entitled to compensation for actual damages, compensatory damages , proportional punitive damages, and reasonable attorney's fees and costs from defendant in amounts to be decided by the Court.

## 9.
## PRAYER FOR RELIEF

After a determination that defendant willfully violated the automatic stay, Plaintiff seeks relief as follows:

## STAY VIOLATION

Defendants' conduct violated 11 U.S.C. § 362(a).

Plaintiff requests an Order declaring the Defendants are guilty of civil contempt by violating the automatic stay; and awarding Plaintiff compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k) and for contempt of Court.

## DAMAGES

Defendants' stay violation was willful.

Defendants' were aware of the bankruptcy filing and were warned by the plaintiff's attorney and plaintiff that the sale of the subject property would violate the automatic stay, would create title issues for the new purchaser and would not be warranted.



Defendants' acts were willful, shameless, deliberate, intentional, and done with complete and total disregard for the financial and emotional harm that would happen to the plaintiff, despite her protected status under the bankruptcy court.

Plaintiff requests an award of damages fees pursuant to 11 U.S.C. § 362(h).

## INFLICTION OF EMOTIONAL DISTRESS

The foreclosure sale of plaintiffs property occurred without consideration for any of the Plaintiffs rights, safety, or respect for the court/judge' orders. As such, their actions constitute outrageous or reckless conduct on the part of Defendants.

Defendants' conduct: Foreclosing on the Subject Property in which they had no right while under the protection of the bankruptcy court, was extreme that exceeds all bounds which are usually tolerated in a civilized community.

Their conduct was done with the intent of inflicting emotional distress on the Plaintiff, such that Plaintiff would be so emotionally distressed and debilitated that she would be unable to exercise legal rights in the Property; the right to work through the Chapter 13 process in an organized manner and to a successful conclusion, In addition, Defendants rely on the fact that individuals in bankruptcy may not have extra funds or resources to fight such violations and misconduct.

At the time, when Defendants began their illegal foreclosure proceedings, Defendants were not acting in good faith while attempting to collect on the subject debt.

As an actual and proximate cause of Defendants' illegal foreclosing on the Plaintiff's home and in violation of automatic stay, the Plaintiff has suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and situational depression.



The Defendants have acted with impunity, and each of them, as described, was contemptible devoid of empathy or consideration for another human being, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

Plaintiff requests an award of damages for intentional infliction of emotional distress.

## ATTORNEY'S FEES

Plaintiff is entitled to attorney's fees pursuant to 11 U.S.C. § 362(k).

Plaintiff requests an award of reasonable attorney's fees pursuant to 11 U.S.C. § 362(k), if plaintiff's pro se status changes to being represented in this case by an attorney.

## FORECLOSURE SALE

Plaintiff requests that the foreclosure sale be declared void and the property be rendered back to the Chapter 13 estate and under the jurisdiction of the Chapter thirteen trustee Mr. Thomas Gorman.

Plaintiff requests that Wells Fargo enter into a work out plan with plaintiff to modify the mortgage loan and any arrearages.

Plaintiff also seeks any equitable relief this Court may determine is fair.

**September 05, 2018.**
**RESPECTFULLY FILED,**

Alice Thomas
**Plaintiff**

*#ATTACHMENT 1*

# SAMUEL I. WHITE, P.C.

ATTORNEYS AND COUNSELORS AT LAW
Virginia, Maryland, West Virginia, And Washington, D.C.
5040 Corporate Woods Drive, Suite 120
VIRGINIA BEACH, VIRGINIA 23462
TEL (757) 490-9284
FAX (757) 497-2802
HOURS OF OPERATION: M-F 9:00 AM TO 5:00 PM EST

August 1, 2018


Alice Thomas a/k/a Alice Hannah Thomas; FMA Secured Investments 000 1080, LLC

NOTICE PURSUANT TO CODE OF VIRGINIA § 55-59.1

Enclosed you will find the notice of sale for your property, and a copy of the appointment of Substitute Trustee, if applicable.

If you have received a discharge in bankruptcy, this Notice is being sent pursuant to the aforementioned state statute and for informational purposes. If you have any questions regarding this notice, contact your bankruptcy attorney.

This communication is from a debt collector.

Samuel I. White, P.C.
5040 Corporate Woods Dr
Suite, 120
Virginia Beach, VA 23462

**USPS CERTIFIED MAIL**



9214 8901 1414 5402 0382 68

 Alice Thomas  (35678)
a/k/a Alice Hannah Thomas
6516 River Tweed Lane
Alexandria, VA  22312

**Prepared By:**
**Wells Fargo Bank, N.A.**
**3476 Stateview Blvd., Ft. Mill, SC 29715**

**Tax MAP ID#: 072-1-/26/ 01-0051**

**Return To:**
**Samuel I. White, P.C.**
**5040 Corporate Woods Dr., Suite 120**
**Virginia Beach, Virginia 23462**

**Grantor: HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6**

**Grantor: ALICE HANNAH THOMAS**

**Grantor: MATTHEW HUNZEKER**

**Grantee: Samuel I. White, P.C.**

## SUBSTITUTION OF TRUSTEE

This Substitution of Trustee is made this **21st Day of August, 2015**, between the undersigned, as present beneficiary or authorized agent of the beneficiary ("Beneficiary") and **Samuel I. White, P.C. HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR**, directly or through an agent, has possession of the Promissory Note. **HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6** is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed. Whereas the undersigned is the present Beneficiary or the authorized agent of the Beneficiary of the Deed of Trust executed by **ALICE HANNAH**

003-VA-V6

1

## TRUSTEE SALE
### 6516 River Tweed Lane, Alexandria, VA 22312
### Fairfax County

In execution of a Deed of Trust in the original principal amount of **$372,800.00**, dated **May 27, 2004** recorded in the Clerk's Office of the Circuit Court of **Fairfax County, Virginia**, in **Document No. 2004021084.033, in Book No. 16108, at Page 1393 and modifiedin Document No. 2014034239.008, in Book No. 23914, at Page 0281,** default having occurred in the payment of the Note thereby secured and at the request of the holder of said Note, the undersigned Substitute Trustee will offer for sale at public auction at the entrance to the **Fairfax County Judicial Center, 4110 Chain Bridge Road, Fairfax**, on **August 27, 2018 at 1:00 PM** the property described in said deed, located at the above address and briefly described as:

**Lot 51, Section I-3, The Pinecrest, with improvements thereon.**

**Subject to any and all covenants, conditions, restrictions, easements, and all other matters of record taking priority over the Deed of Trust, if any, affecting the aforesaid property.**

**TERMS OF SALE: CASH:** A deposit of **$20,000.00** or 10%o of the sales price, whichever is lower, cash or certified check will be required at the time of sale, but no more than $10,000.00 of cash will be accepted, with settlement within fifteen (15) days from the date of sale. Sale is subject to post sale confirmation that the borrower did not file for protection under the U.S. Bankruptcy Code prior to the sale which affects the validity of the sale, as well as to post-sale confirmation of the status of the loan with the loan servicer including, but not limited to, determination of whether the borrower entered into any repayment agreement, reinstated or paid off the loan prior to the sale. In any such event, the sale shall be null and void, and the Purchaser's sole remedy, in law or equity, shall be the return of his deposit without interest. Additional terms may be announced at the time of sale. Pursuant to the Federal Fair Debt Collection Practices Act, we advise you that this firm is a debt collector attempting to collect the indebtedness referred to herein and any information we obtain will be used for that purpose.

SAMUEL I. WHITE, P.C., Substitute Trustee

This is a communication from a debt collector.
**FOR INFORMATION CONTACT:**
SAMUEL I. WHITE, P.C. **(35678)**
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
757-457-1460 - **Call Between 9:00 a.m. and 5:00 p.m.**
**or visit our website at www.siwpc.net**

To: **The Washington Times**

SAMUEL I. WHITE, P.C.

V_____

cc: Wells Fargo Bank, N.A.
Ad runs: **August 3, 2018 and August 10, 2018**

THOMAS dated **MAY 27, 2004,** and recorded on **JUNE 1, 2004,** under Instrument Number **2004021084.033,** in Book **16108,** Page **1393,** among the land records of **FAIRFAX COUNTY CIRCUIT COURT,** Virginia, commonly known as **6516 RIVER TWEED LANE, ALEXANDRIA, VA 22312.**

Now therefore, by virtue of the authority contained in the aforementioned Deed of Trust the Beneficiary does hereby remove **MATTHEW HUNZEKER,** as Trustee and does, pursuant to the terms of the Deed of Trust, hereby remove any Substitute Trustee or Trustees who may have been previously appointed in place of the original Trustee, and does hereby appoint and substitute **Samuel I. White, P.C., of 5040 Corporate Woods Dr., Suite 120, Virginia Beach, Virginia 23462** to serve, effective immediately, as Substitute Trustee, and to replace the Original Trustee(s).

The undersigned hereby revokes all other substitutions of trustee which it may have executed, appointed or filed in the past, giving and granting to said Substitute Trustee all the powers, duties and authority of the discharged Trustee, and hereby ratifying all acts of said Substitute Trustee heretofore or hereafter performed so long as in accordance with this appointment, the Deed of Trust, and applicable law.

003-VA-V6

2

Said Substitute Trustee shall, in accordance with the provisions of the Deed of Trust,

succeed to all the title, powers and duties conferred upon the Original Trustee(s) by the terms of

said Deed of Trust and by applicable law.

**Wells Fargo Bank, N.A. as servicing agent to HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6**

Name: Eric Kinley Lee, Jr.
Title: Vice President Loan Documentation
Company: Wells Fargo Bank, N.A.
Date: 08/21/15

North Carolina
Wake County

I, Shaina L. Tyler a Notary Public of Wake County and State of North Carolina, do hereby certify that Eric Kinley Lee, Jr. personally came before me this day and acknowledged that he is the Vice President Loan Documentation, of Wells Fargo Bank, N.A. as servicing agent to HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6 and that he, as Vice President Loan Documentation being authorized to do so, executed the foregoing on behalf of the corporation.

Witness my hand and official seal, this 21st day of August, 2015.

_____ (Signature)
Shaina L. Tyler, Notary Public
My commission expires 11/19/2019

```
┌─────────────────────────────────────┐
│          Shaina L. Tyler            │
│          NOTARY PUBLIC              │
│          Wake County, NC            │
│ My Commission Expires November 19, 2019 │
└─────────────────────────────────────┘
```

003-VA-V6

3

*ATTACHMENT 2*

# EDWARD GONZALEZ, PC
## Attorney at Law

2405 I Street, NW, Suite 1A
Washington, DC  20037
(202) 822-4970
 www. gonzalez-law.com
 egonzalez@gonzalez-law.com

**Finance Law**
Admitted to Practice:
VA  MD  DC
**Tax, Bankruptcy, and**
**Litigation**

August 17, 2018

<u>Via Email, Facsimile and 1st Class Mail</u>
Johnie Mucy, Esq.
Samuel White, PC
1804 Staples Mill Rd
Richmond, VA 23230

**RE:  6516 River Tweed Lane Alexandria, VA 22312**
**Alice Thomas, Case # 18-12376, Chapter 13**
**Eastern District of Virginia, Alexandria Division**

Dear Mr. Muncie:

It is my understanding that you have noticed for foreclosure on August 27, 2018 the property at 6516 River Tweed Lane, Alexandria, VA 22312.

Please be on notice that the property is under the protection of the bankruptcy court and your attempt at foreclosure, without relief from the stay, will be in violation of the automatic stay.

Apparently, it is your position that the property is not subject to the stay in this case because of the court's ruling to your lift stay motion in the prior case, #17-14198.

However, the order in the prior case (Dkt #24) does not state that relief from stay extends to subsequent cases.

In fact, your motion for that order asked for such relief at Paragraph #2 of the prayer for relief. However, there is no language to that effect in that order.

Furthermore, if you are relying on Section 362(c)(4) as statutory authority, I do not see in the record in that there was a finding that the filing was "part of a scheme to delay, hinder, or defraud creditors."

Finally, even Section 362(c)(4) notes there is an exception to its effect where the debtor shows "changed circumstances and for good cause shown." (She is now employed full-time and

is represented by counsel in this case.) The Debtor did so in a hearing before the court to extend the stay beyond thirty days. The motion was granted and you failed to object.

At a minimum, you will create a title issue for your purchaser and subsequent buyers if you proceed on this foreclosure.

Govern yourself accordingly.


Sincerely,



Edward Gonzalez