Jeffrey L. Tarkenton (VSB No. 20631)
Womble Bond Dickinson (US) LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
(202) 857-4450 – Telephone
(202) 261-0050 – Facsimile

*Counsel for Wells Fargo Bank, N.A., d/b/a Wells
   Fargo Home Mortgage, in its capacity as
   servicer for HSBC Bank USA, National
   Association, as Trustee for Nomura Asset
   Acceptance Corporation, Mortgage Pass-
   Through Certificates, Series 2005-AR6*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **ALICE THOMAS,** | ) | Bankruptcy Case No. 18-12376 KHK |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| **ALICE THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Adv. Pro. No. 18-01093 KHK |
| | ) | |
| **SAMUEL I. WHITE, PC,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS ADVERSARY PROCEEDING**

Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("Wells Fargo"), in its capacity as servicer for HSBC Bank USA, National Association, As Trustee For Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6 ("HSBC"), by its undersigned attorneys, files this Memorandum in support of its Motion to Dismiss the Debtor's Adversary Pleading (Dkt. No. 1).  For the reasons set forth below, the Motion to

Dismiss should be granted and the Complaint should be dismissed with prejudice without leave to amend.

## INTRODUCTION

The subject Complaint was filed by the Debtor, Alice Thomas (a/k/a Alice Hannah Thomas) ("Debtor"), in the fourth bankruptcy case that she has filed since October 2015, all of which were filed in an effort by the Debtor to hinder scheduled foreclosure sales of the property known as 6516 River Tweed Lane, Alexandria, VA 22312 (the "Property"). Specifically, on October 19, 2015, the Debtor filed in this Court Case No. 15-13647-BFK (the "First Bankruptcy"), which the Court dismissed on November 20, 2015, due to the Debtor's failure to appear at a hearing on the Debtor's Motion to Defer Credit Counseling. *See* Docket of First Bankruptcy, attached hereto as ***Exhibit 1***. The filing of the First Bankruptcy caused the cancellation of a foreclosure sale scheduled for October 19, 2015. *See* Motion for *In Rem* Relief from Stay, attached hereto as ***Exhibit 2***, at 3.

Then, on February 13, 2017, the Debtor, d/b/a Diagnostic Consultants LLC, filed in this Court Case No. 17-10436-KHK (the "Second Bankruptcy"). *See* Docket of Second Bankruptcy, attached hereto as ***Exhibit 3***. An Order dismissing the Second Bankruptcy was entered on February 27, 2017, after the Court denied the Debtor's Motion to Waive the requirement to complete a pre-petition credit counseling course. *Id.* The filing of the Second Bankruptcy caused the cancellation of a foreclosure sale scheduled for February 13, 2017. *See* Exhibit 2 at 3.

Thereafter, on December 11, 2017, the Debtor filed in this Court yet another bankruptcy petition, Case No. 17-14198 (the "Third Bankruptcy"), which caused the cancellation of a foreclosure sale scheduled for that same date. *See* Docket of Third Bankruptcy, attached hereto as ***Exhibit 4***; *see also* Exhibit 2 at 3. The Debtor never filed any Schedules, a proposed Plan or a

proposed Disclosure Statement in the Third Bankruptcy. *See* Exhibit 4. On January 5, 2018, HSBC filed in the Third Bankruptcy a "Motion For *In Rem* Relief From Stay" regarding the Property under 11 U.S.C. §362(d)(4), setting forth the history of the Debtor's serial and incomplete bankruptcy filings and the fact that they repeatedly delayed and hindered HSBC's efforts to foreclose. *See* Exhibit 2 at 3.

The Motion for *In Rem* Relief from Stay also recounted thirteen different occasions between November 16, 2011 and October 27, 2017 in which the Debtor sought a loan modification, but either failed to provide the required documents for consideration or rejected a modification offered to her. *See* Exhibit 2 at 3-4. In addition, the Motion for *In Rem* Relief from Stay demonstrated that the Debtor's mortgage loan had been in arrears since April 1, 2015 and had a then balance of $463,783.49, which was greater than the estimated value of the Property. *See* Exhibit 2 at 4. On the basis of this record, HSBC argued that its interest in the Property was not adequately protected and that the "Debtor's repeated bankruptcy filings in close proximity to scheduled foreclosure sales demonstrate[d] an abuse of the bankruptcy process designed to frustrate Movant's efforts to pursue its remedies related to the property." *Id.*

The Debtor neither refuted the grounds set forth in the Motion for *In Rem* Relief from Stay nor opposed the relief requested therein. *See* Exhibit 4. Accordingly, this Court "f[ound] grounds to grant the Motion" and ordered "that the automatic stay of 11 U.S.C. §362(a) is hereby modified IN REM as to all parties <u>to permit the Movant and its successors and assigns to enforce the lien of its Deed of Trust as it pertains to the real property located at 6516 River Tweed Lane, Alexandria, VA 22312</u> . . ." *See In Rem* Order, attached hereto as **Exhibit 5** (emphasis added). The Court further ordered that the "IN REM Relief shall extend to the purchaser at the foreclosure sale to allow the purchaser to take such action under state law, as may be necessary,

3

to obtain possession of the property." *Id.* (capitalization in original). The Debtor did not appeal the *In Rem* Order or the dismissal of the Third Bankruptcy on March 9, 2018. *See* Exhibit 4. The *In Rem* Order was recorded in the land records of Fairfax County, Virginia, on March 18, 2018. *See* Exhibit 5 at 2.

The Debtor's Complaint reflects a misunderstanding of the impact of the *In Rem* Order upon automatic stays commencing in later-filed bankruptcies for two years after its issuance. *See* 11 U.S.C. § 362(d)(4) which provides that an *in rem* order entered under 11 U.S.C. § 362(d)(4) "when recorded in compliance with State laws . . . shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court."

On July 8, 2018, the Debtor filed in this Court her fourth bankruptcy petition, Case No. 18-12376 (the "Fourth Bankruptcy"). *See* Docket of Fourth Bankruptcy, attached hereto as ***Exhibit 6***. The Debtor admits in her Complaint that she filed it to thwart another foreclosure sale that was scheduled for July 9, 2018. *See* Complaint (Dkt. No. 1) ¶ 7. Due to the fact that the Plaintiff's Fourth Bankruptcy was commenced less than 12 months after her Third Bankruptcy was dismissed, it only stayed collection activity against her (but not against the Property due to the *In Rem* Order) for thirty (30) days under 11 U.S.C. § 362(c)(3)(A). Thus, the Debtor's counsel moved to extend the stay under 11 U.S.C. § 362(c)(3)(B). *See* Motion to Extend Automatic Stay filed in Case No. 18-12376 on July 11, 2018, attached hereto as ***Exhibit 7***, which is expressly predicated upon 11 U.S.C. § 362(c)(3)(B). Notably, the Debtor's motion to extend the stay did not seek relief from the *In Rem* Order entered in the Third Bankruptcy under 11 U.S.C. § 362(d)(4), but only referenced 11 U.S.C. § 362(c)(3)(B). *Id.* As a result, the Court's order extending the automatic stay, which was also expressly predicated upon 11 U.S.C.

4

§ 362(c)(3)(B), did not impact HCBC's right to foreclose under the *In Rem* Order. *See* Order Extending the Automatic Stay, entered in the Fourth Bankruptcy on August 8, 2018, attached hereto as **Exhibit 8**. Accordingly, the Property was sold at a foreclosure sale to a third party on August 27, 2018. *See* Complaint (Dkt. No. 1) at 4.

While the Debtor is represented by counsel in her Fourth Bankruptcy case, she has filed this Adversary Proceeding *pro se* and, in doing so, misconstrues the ongoing effect of the recorded *In Rem* Order and the fact that it allowed HSBC to foreclosure on the Property for two years regardless of any stays arising from later bankruptcy filings. Although the Debtor asserts in the Complaint that the "Defendants willfully violated the automatic stay" by conducting a foreclosure sale of the Property, the Substitute Trustees for HSBC did so under the power provided to HSBC by this Court in the *In Rem* Order and, thus, this case should be dismissed without leave to amend.[1]

**ARGUMENT**

**A.     The Standards Applicable to a Motion to Dismiss.**

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Proceedings, Rule 12(b)-(i) of the Federal Rules of Civil Procedure applies in adversary proceedings. Under Fed. R. of Civ. P. 12(b)(6), a court determines "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991)). Courts, however, "are not bound to accept as true a legal conclusion

---

[1] Moreover, while the Complaint does not specify the Defendants which the Debtor seeks to sue, her Adversary Proceeding Cover Sheet and the Summonses identify "Samuel I White PC" and "Wells Fargo Home Mortgage" as Defendants. This Court can take judicial notice from the public records attached hereto as **Exhibit 9** that "Wells Fargo Home Mortgage" is a division of Wells Fargo Bank, N.A. and that the former Wells Fargo Home Mortgage, Inc. was merged into Wells Fargo Bank, N.A. on May 5, 2004. *Id.* Attachment 1 to the Complaint also reflects that Wells Fargo is the servicer for HSBC. *See* Attachment 1 to Complaint (Dkt. No. 1) at 13.

couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Arrowsmith v. Warnick (In re Health Diagnostic Lab., Inc.),* Case No. 15-32919, 2018 WL 4676339, at *6 (Bankr. E.D. Va., Sept. 27, 2018) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct 1937 (2009)).

The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Maple v. Colonial Orthopaedics, Inc. (In re Maple),* 434 B.R. 363, 368-69 (Bankr. E.D. Va. 2010) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1964-1965 (2007); *Iqbal*, 556 U.S. at 678)). In evaluating plausibility, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 (citing *Papasan*, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

A court also may take judicial notice of public and court records in deciding a Rule 12(b)(6) motion to dismiss. *See Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Here, the documents integral to the Complaint and public records of which this Court may take public notice reflect that the Debtor cannot state a plausible claim against Wells Fargo (or HSBC) for violation of the automatic stay.

B. **The Impact of *In Rem* Orders Under 11 U.S.C. § 362(d)(4).**

Here, the Complaint is predicated upon conclusory statements and assertions of law which reflect the Debtor's misunderstanding of the effect of the *In Rem* Order entered in the Third Bankruptcy. Section 362(d)(4) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> \* \* \*
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>
>> (B) multiple bankruptcy filings affecting such real property.
>>
>> *If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court*, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4) (emphasis added).

The special relief accorded creditors under this statute was added to the Bankruptcy Code in 2005 under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. *First*

7

*Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 870 (9th Cir. B.A.P. 2012).

> [W]here there is found to be '1) strategic filing of bankruptcy petitions to prevent collection; 2) multiple bankruptcy petitions by multiple parties to protect common property; 3) lack of evidence of changed circumstances between filings; and 4) inability to fund a plan,' courts have determined that *in rem* relief the automatic stay is appropriate. *In re Henderson,* 395 B.R. 893, 901 (Bankr. D.S.C. 2008); *see also In re Behrens,* 501 B.R. 351, 355 (B.A.P. 8th Cir. 2013) (where findings supported by the record, reviewing court will not second guess bankruptcy court's determination that debtor's bankruptcy filing was part of a scheme to hinder or delay creditors)*; In re Blair,* No. 09-76150-AST, 2009 Bankr. LEXIS 4195, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009) (mere timing and filing of serial bankruptcy cases sufficient to infer scheme to hinder, delay, and defraud creditors).

*Clark v. Wells Fargo Bank, N.A*., 2018 U.S. Dist. LEXIS 38121, *6 (E.D.N.C. Mar. 7, 2018).

Here, HSBC sought and obtained *in rem* relief under Section 362(d)(4) for demonstrated abuse of the bankruptcy code in the Debtor's First, Second and Third Bankruptcies, all of which thwarted scheduled foreclosure sales of the Property from going forward and were ultimately dismissed based upon the Debtor's repeated failures to make required filings therein. Notably, the Debtor never made any effort to contest HSBC's Motion for *In Rem* Relief in the Third Bankruptcy. The *In Rem* Order issued therein was duly recorded and, thus, under the express language of Section 362(d)(4), permitted foreclosure of the Property for two years thereafter, even in the event of a subsequent bankruptcy filing. Thus, the Debtor is precluded from challenging the very issues for which she now seeks compensatory, declaratory and injunctive relief in her adversary proceeding.

    **C.**    **The Debtor Did Not Seek Relief From the *In Rem* Order.**

While the Debtor moved to extend the thirty (30) day stay in her Fourth Bankruptcy under 11 U.S.C. § 362(c)(3)(B), she never sought relief in her Fourth Bankruptcy from the *In*

*Rem* Order entered in the Third Bankruptcy under 11 U.S.C. § 362(d)(4), even though she could have. The last paragraph of Section 362(d)(4) expressly provides that even after an *in rem* order is issued and recorded, a debtor in a "subsequent case . . . may move for relief ***from such order*** based upon changed circumstances or for good cause shown, after notice and a hearing." 11 U.S.C. § 362(d)(4) (emphasis added).

Here, for reasons unknown, neither the Debtor nor her counsel sought relief in her Fourth Bankruptcy under the last paragraph of Section 362(d)(4) from the *In Rem* Order issued in her Third Bankruptcy. *See Black v. HSBC Bank, USA, Nat'l Assoc. (In re Black),* 514 B.R. 605 (Bankr. E.D. Cal. 2014) (confirming the right of a debtor in a subsequent bankruptcy to file a motion for relief from an *in rem* order under Section 362(d)(4) in a later-filed bankruptcy). Thus, by the express language of Section 362(d)(4), its two-year efficacy remained unaffected by both the filing of the Fourth Bankruptcy and the Debtor's Section 362(c)(3)(B) motion to extend the thirty-day stay. As stated in Section 362(d)(4), "[i]f recorded in compliance with applicable State laws . . , an [*in rem*] order entered under paragraph (4) *shall be binding in any other case* under this title purporting to affect such real property *filed not later than 2 years after the date of the entry of such order by the court."* 11 U.S.C. § 362(d)(4) (emphasis added).

Accordingly, HSBC was within its rights to sell the Property at the August 27, 2018 foreclosure sale and did not violate the terms of any stay impacting its right to foreclose, willfully or otherwise.

## CONCLUSION

For all the foregoing reasons, Wells Fargo Bank, N.A. respectfully requests that the Court enter and Order dismissing the Complaint with prejudice, without leave to amend, and granting such other and further relief as is just and proper.

Dated:  October 9, 2018                      Respectfully submitted,


    /s/ Jeffrey L. Tarkenton
Jeffrey L. Tarkenton (VSB No. 20631)
Pascal F. Naples (VSB No. 87849)
Womble Bond Dickinson (US) LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
Tel:  (202) 857-4450
Fax:  (202) 261-0050
Email:  Jeffrey.Tarkenton@wbd-us.com
Email:  Pascal.Naples@wbd-us.com

*Counsel for Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, in its capacity as servicer for HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AR6*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 9th day of October, 2018, a copy of the foregoing Memorandum in Support of Motion to Dismiss Adversary Proceeding was served via the Court's CM/ECF system on all counsel of record and by first class, U.S. mail, postage prepaid, upon the following:

>Alice Thomas
>6516 River Tweed Lane
>Alexandria, VA  22312

      /s/ Jeffrey L. Tarkenton
      Jeffrey L. Tarkenton

WBD (US) 44607234v2