**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

In re:

**ALICE THOMAS,**

             **DEBTOR.**

**CHAPTER 13**

**CASE NO. 18-12376**

**Adversary Proceeding Number:
18-01093-KHK-AP**

**ALICE THOMAS,**

      **PLAINTIFF,**

vs.

**SAMUEL I. WHITE, P.C., Et. Al.,**

      **DEFENDANTS.**

**MOTION TO DISMISS COMPLAINT
AND NOTICE OF HEARING**

**NOTICE**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**TO:    ALICE THOMAS**

**IF YOU DO NOT WISH THE COURT TO GRANT THE RELIEF SOUGHT IN THE MOTION, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION, THEN YOU MUST FILE A WRITTEN RESPONSE EXPLAINING YOUR POSITION WITH THE COURT AND SERVE A COPY ON THE MOVANT. UNLESS A WRITTEN RESPONSE IS FILED AND SERVED SEVEN (7) DAYS PRIOR TO HEARING ON NOVEMBER 6, 2018, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE MOTION AS CONCEDED, AND ISSUE AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT FURTHER NOTICE OR HEARING.**

**IF YOU MAIL YOUR RESPONSE TO THE COURT FOR FILING, YOU MUST MAIL IT EARLY ENOUGH SO THE COURT WILL RECEIVE IT AT LEAST SEVEN (7) DAYS PRIOR TO THE HEARING ON THE MOTION.**

**THE PRELIMINARY HEARING IS SCHEDULED TO BE HELD ON NOVEMBER 6, 2018 AT 9:30 AM IN THE U.S. BANKRUPTCY COURT, ALEXANDRIA DIVISION, 200 S. WASHINGTON STREET, ALEXANDRIA, VA 22314, COURTROOM III, 3RD FLOOR.**

      Comes now the Samuel I. White, P.C. ("Defendant"), by Counsel, hereby moves the Court to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Federal Rule of Bankruptcy Procedure 7012(b) which incorporates Federal Rule of Civil Procedure 12(b)(6), and states in support as

**Johnie R. Muncy, Esquire**
**Counsel for Movant**
**Samuel I White, P.C.**
**Bar No. 73248**
**1804 Staples Mill Road**
**Suite 200**
**Richmond, VA 23230**
**(804) 290-4290**
**File No. 65359**

follows:

### INTRODUCTION AND ALLEGED FACTS

Plaintiff admits that she filed bankruptcy Case number 17-14198 in this Court.  Case 17-14198 was filed by Plaintiff on December 11, 2017.  The Complaint also alleges correctly that a "lift stay motion" was granted by this Court.  The Motion for In Rem Relief from the Automatic Stay was filed on January 5, 2018 at Court docket number 18 ("IN REM Motion") (attached hereto as "Exhibit A").  Plaintiff did not file a response to the Motion for In Rem Relief in Case 17-14198 which alleges multiple bad faith filings by Plaintiff and multiple denials of loss mitigation attempts by the movant servicer.  A hearing was held on February 7, 2018 and the Motion for In Rem Relief was granted.  An Order granting the IN REM Motion was entered by this Court on February 22, 2018 at Court docket number 24 ("IN REM Order") (attached hereto as "Exhibit B").

The referenced IN REM Order was subsequently recorded among the land records of Fairfax County.  Defendant, as appointed substitute trustee, at the direction of the loan's servicer, commenced foreclosure proceedings with regard to the property located at 6516 River Tweed Lane, Alexandria, VA 22312 ("Property").  Defendant advertised the foreclosure sale, provided notices thereof, and ultimately conducted the foreclosure sale under the applicable Deed of Trust and in accordance with the Code of Virginia (§ 55-59).  The foreclosure sale of the Property took place on August 27, 2018.

Plaintiff filed the underlying, and currently pending, Chapter 13 case on July 8, 2018 as Case 18-12376.  On July 11, 2018 Plaintiff's Counsel in the bankruptcy proceeding moved to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) ("Extension Motion").  This Court entered an Order Extending the Automatic Stay on August 8, 2018 at Court docket number 24 ("Extension Order").  Plaintiff appears to contend that the August 8, 2018 Order should have imposed an automatic stay on actions relating to the Property.

### ARGUMENT

Plaintiff's Complaint fails to allege facts sufficient to support the claims contained in the Complaint.  The Complaint's chief contention is that the foreclosure on the property was in violation of the automatic stay.  All other damages and activities alleged in the Complaint appear to rely on the contention that foreclosure was only inappropriate if there was a stay in place through the pending bankruptcy case.  The Complaint fails to recognize the significance of this Court's IN REM Order with regard to the Property.  The Complaint also fails to recognize the insufficiency of the motion and order which extended a stay in Case 18-12376.

### IN REM RELIEF ORDER CONTINUES TO BE BINDING

The IN REM Motion cited the multiple bankruptcy cases filed by Plaintiff in an attempt to hinder and delay creditors with regard to the Property.  The IN REM Order entered by this Court conspicuously states that the relief obtained is "IN REM" as it relates to the subject Property.  The IN REM Order was recorded in the land records.  11 U.S.C. 362(d)(4) provides "If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court…".

11 U.S.C. 362(d)(4) also sets out the process necessary to challenge the IN REM Order saying that "a debtor in a subsequent case under this title may move for relief from such order…".  Plaintiff has failed to move for relief from the Court's IN REM Order.  Plaintiff has failed to allege that the IN REM Order was specifically attacked in a later motion in any subsequent case.

## DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY DID NOT CHANGE STATUS OF THE EARLIER IN REM ORDER ON THE PROPERTY

Debtor's Extension Motion was filed specifically pursuant to 11 U.S.C. § 362(c)(3)(B).  This section of the Bankruptcy Code is referencing a "continuation" of an existing automatic stay that is in place for only 30 days because of a prior bankruptcy proceeding's dismissal within the preceding 12 months.  The Extension Order also uses the language from 11 U.S.C. § 362(c)(3)(B) and "continues" the automatic stay.

As previously laid out herein, the IN REM Order was in place when Case 18-12376 was filed by the Plaintiff.  Therefore no automatic stay ever went in to place with regard to the foreclosing creditor in relation to the subject Property.  The Extension Motion makes no mention of this Court's previously entered IN REM Order and therefore fails to make the requisite attack on the IN REM Order to invalidate or overturn the relief previously granted.  This Court is not able to extend or continue that which never existed.

## CONCLUSION

The Complaint alleges only that a foreclosure sale was improper because of the automatic stay in Plaintiff's present bankruptcy case.  A close examination of the alleged stay and related motions and orders reveals that no stay existed and therefore could not have barred the alleged foreclosure.  The Complaint, as filed, fails to state a clear claim upon which the requested relief could be granted and must therefore be dismissed.

WHEREFORE, Defendant moves this Court to grant the Defendant's Motion to Dismiss the Complaint with prejudice; and further requests that any Lis Pendens recorded by Plaintiff be

extinguished and released as it relates to the instant action.

Dated: October 9, 2018.

SAMUEL I. WHITE, P.C.

By: **/s/JOHNIE R. MUNCY**
Michael T. Freeman, Esquire, Bar No. 65460
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
jmuncy@siwpc.com

CERTIFICATE OF SERVICE

I certify that on October 9, 2018, the foregoing Motion was served via CM/ECF at email addresses registered with the Court for this case, and that a true copy was mailed via first class mail, postage prepaid, to Alice Thomas, Plaintiff Debtor, 6516 River Tweed Lane, Alexandria, VA 22312.

**/s/JOHNIE R. MUNCY**
Johnie R. Muncy, Esquire
Samuel I. White, P. C.